**UNITED STATES of America**

v.

**Antonio FLORES, Defendant.**

**No. 73 Cr. 19.**

United States District Court, S. D. New York.

March 24, 1976.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for the United States; Jeffrey Harris, Asst. U. S. Atty., New York City, of counsel.

Diller, Schmukler & Asness, New York City, by Howard J. Diller, New York City, for defendant.

MEMORANDUM

BONSAL, District Judge.

Defendant Antonio Flores is charged with conspiracy to transport and sell narcotic drugs from January 1, 1968

through April 30, 1971 in violation of Sections 173 and 174 of Title 21 of the United States Code. On January 8, 1973 an indictment was filed and a bench warrant was issued for the defendant, who was a fugitive. On March 23, 1973, the defendant was arrested in Barcelona, Spain and imprisoned in Barcelona's Men's Prison. The United States sought the defendant's extradition from Spain and a hearing was held in Barcelona on November 13, 1973. An extradition order was granted the same day in a decision by the Provincial Court of Barcelona. For reasons not entirely clear from the record, the defendant was not returned to the United States until January, 1976.

The defendant now moves to limit the Government's introduction of certain evidence at trial on the grounds that the extradition order is ". . . limited solely and exclusively to the alleged crime of conspiracy to violate Sections 173 and 174 of Title 21 of the United States Code, . . . and further expressly limited with respect to time to the acts committed between September 3, 1970 and April 30, 1971, excluding any previous or subsequent acts." U. S. Dep't of State, Division of Language Services, *Translation of Limited Proceedings No. 53 of 1973, Barcelona Court No. 6, Extradition*, dated December 7, 1973, at 7 (hereinafter "*Limited Proceedings No. 53 of 1973*"). Defendant contends that the Government may prosecute him only as to alleged violations within the above circumscribed time period and may not introduce evidence of acts prior to September 3, 1970 to prove the existence of the conspiracy or that the defendant was a member thereof since the ". . . extradition is contingent upon the formal promise of the United States Government that the aforesaid person will not be prosecuted for previous offenses or offenses foreign to this extradition request unless he expressly consents to such prosecution." *Id.*

A review of the decision of the Barcelona Court granting the extradition order indicates that defendant's extradition is limited in time to insure that the defendant is tried for an offense which was extraditable under the Treaty of June 15, 1904 ("Treaty of 1904"). The Barcelona Court, relying on the Treaty of 1904 and general principles of international law, found that although the original text of the Treaty of 1904 did not include the crime of conspiracy to traffic in narcotic drugs as an extraditable offense, the Treaty of 1904 was supplemented in 1970 by the Convention for the Suppression of Illicit Traffic in Dangerous Drugs, signed at Geneva on June 26, 1936. This Convention, which entered into force in Spain on September 3, 1970, specifically includes the crime of conspiracy to traffic in narcotic drugs as an extraditable offense. Since the Barcelona Court found the provisions of the 1970 Convention to be binding on Spanish courts, the extradition order was drafted to comply with its effective date; namely, September 3, 1970. *See Limited Proceedings No. 53 of 1973, supra* at 4.

Under the terms of the extradition order, the Government will have the burden of proving beyond a reasonable doubt that the conspiracy charged in the indictment was in existence between September 3, 1970 and April 30, 1971 and that the defendant was a member of it during this period. However, the Government may introduce evidence of defendant's prior acts and conversations which *may be relevant* to defendant's knowledge and intent with respect to acts committed during this period. Such evidence, if relevant, may be received unless offered solely to prove criminal character. *United States v. Papadakis*, 510 F.2d 287, 294 (2d Cir.), *cert. denied*, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975); *United States v. Deaton*, 381 F.2d 114 (2d Cir. 1967); Fed.Rules Evid., Rule 404(b); *see also* Fed.Rules Evid., Rules 105, 801(d)(2), 803(3).

Defendant's motion is disposed of accordingly.

It is so ordered.